IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| FASTVDO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-1427-SLR |
| | ) | |
| PARAMOUNT PICTURES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Joseph James Farnan III, Esquire and Brian E. Farnan, Esquire of Farnan LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Kevin P. Burke, Esquire, Mark A. Fenster, Esquire, and Alexander C.D. Giza, Esquire, of Russ, August & Kabat.

John G. Day, Esquire, Tiffany Geyer Lydon, Esquire, and Andrew C. Mayo, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Vincent J. Belusko, Esquire, Jason J. Lee, Esquire, Scott C. Moore, Esquire, and Nicole M. Smith, Esquire of Morrison & Foerster LLP.

**MEMORANDUM OPINION**

Dated: June 4, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On November 9, 2012, plaintiff FastVDO LLC. ("FastVDO") filed a complaint against defendant Paramount Pictures Corporation ("Paramount") alleging infringement of its U.S. Patent No. RE40,081 ("the '081 patent"). (D.I. 1) Presently before the court is Paramount's motion to transfer this action to the Central District of California. (D.I. 9) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, Paramount's motion to transfer is denied.

## II. BACKGROUND

FastVDO is a Florida limited liability corporation with its principal place of business located at 750 N. Atlantic Ave., Cocoa Beach, Florida 32931. (D.I. 1 at ¶ 1) FastVDO has no offices or employees in California.

Paramount is a Delaware corporation with its principal place of business located at 5555 Melrose Avenue, Los Angeles, California 90038. (*Id.* at ¶ 2) Paramount avers that the accused products were produced and distributed by a separate non-party entity, Paramount Home Entertainment ("PHE"), also a Delaware corporation and located at 5555 Melrose Avenue, Los Angeles, California 90038. (D.I. 10 at 5) Paramount also avers that PHE does not encode the video itself, but relies on six authoring houses which are headquartered in and around Los Angeles, California, and which have facilities located in Indiana, Pennsylvania, and New York. (D.I. 11 at ¶ 4)

## III. STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the

interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

2

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - **but only to the extent that the witnesses may actually be unavailable for trial in one of the fora**; and the location of books and records (**similarly limited to the extent that the files could not be produced in the alternative forum**).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.
>
> *Id.* (citations omitted) (emphasis added).

## III. ANALYSIS

With the above "jurisdictional guideposts" in mind, the court turns to the "difficult issue of federal comity" that transfer motions present. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988). FastVDO has not challenged Paramount's assertion that venue would also be proper in the Central District of California;[1] therefore, the court will not address this further. *See* 28 U.S.C. § 1404(a); (D.I. 18 at 2-3)

The parties have all chosen legitimate forums in which to pursue the instant litigation. In this regard, certainly a party's state of incorporation is a traditional and legitimate venue, as is the locus of a party's business activities. Given that "convenience" is separately considered in the transfer analysis, the court declines to elevate a defendant's choice of venue over that of a plaintiff based on defendant's convenience. Therefore, the fact that plaintiffs have historically been accorded the

---

[1] Because both Paramount and PHE are Delaware corporations, party substitution will not affect this decision. (D.I. 21 at 1 n.1)

privilege of choosing their preferred venue for pursuing their claims remains a significant factor.

A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, "makes, uses, offers to sell, or sells any patented invention" without authority. See generally 35 U.S.C. § 271 (a); Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention"). FastVDO alleges Paramount has directly and indirectly committed infringing activities throughout the United States by first encoding video onto Blu-ray discs using FastVDO's patented codec, then distributing those Blu-ray discs to the public having reason to know that it would cause the patented method to be performed. Paramount responds that any infringing activities occurred primarily in the Los Angeles Area, where the majority of the authoring house headquarters and facilities exist.

The record indicates that the coding occurs in multiple states. That fact, combined with the nationwide distribution of Blu-ray discs, negates the argument that the alleged infringement is focused in California.

The Third Circuit in *Jumara* indicated that, in evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. In this case, Paramount is a significantly larger company based on revenue and number of employees. The parties' litigation history show that both parties have litigated in multiple states, although Paramount has litigated in significantly more.[2]

---

[2] Searches by party name in the PACER case locator reveal Paramount Pictures Corporation as a party to 2,778 civil cases in almost every state, PHE to 14 cases in six

Considering the convenience of the witnesses and specifically whether witnesses "actually may be unavailable for trial in one of the fora," Paramount argues that former employees and employees of the third-party authoring houses could not be compelled to attend a trial in Delaware, but does not indicate any witness that would be unavailable, or provide reasons for any unwillingness to testify absent a subpoena.[3] (D.I. 10 at 12-14); see Smart Audio Techs., L.L.C. v. Apple, Inc., 2012 WL 5865742, at *8 (D.Del. Nov.16, 2012) ("[T]his factor is only given weight when there is some reason to believe that a witness actually will refuse to testify absent a subpoena.").

According to Paramount, while PHE's records are maintained at its California headquarters, potentially relevant documentation is in the possession of the non-party authoring house headquarters that are not within the subpoena power of this court. However, as the authoring houses manufacture the Blue-ray discs at the behest of PHE, it is unlikely they would refuse any reasonable request to produce information from their business partner in electronic format.

As to practical considerations, the court recognizes that trial in California would be less expensive and easier for Paramount. Since FastVDO's Cocoa Beach headquarters are closer to Delaware than to Central California, it would most likely be more expensive for FastVDO to litigate in Central California than in Delaware.

---

states, and FastVDO to 40 cases in California, Delaware, and Maryland.

[3] With respect to trials, in the nine patent jury trials this judicial officer conducted between March 2010 and October 2011, an average of three fact witnesses per party appeared live for trial, with the average length of trial being 28 hours (with the parties often using less time than allocated, on average, 25 hours). Further, depositions in the cases over which this judicial officer presides are generally taken where the deponents reside or work. There is no suggestion that this case will be an exception.

With respect to administrative difficulty, trial in this case will be scheduled consistent with the parties' proposals. Local interest in deciding local controversies is not a dispositive factor, as patent litigation does not constitute a local controversy in most cases. Indeed, patent litigation implicates constitutionally protected property rights, is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature, and affects national (if not global) markets. *See Cradle IP, LLC v. Texas Instruments, Inc.*, --- F.Supp.2d ----, 2013 WL 548454, at *4 (D. Del. February 13, 2013). The instant litigation involves Blu-ray discs sold and distributed throughout the United States. There are twenty-four other related suits pending in this district; while this case will be argued separately, there are efficiencies in having all related cases considered in a single district. The remaining *Jumara* public interest factors - the enforceability of a judgment, the public policies of the fora, and the familiarity of the judge with state law - carry little weight in this transfer analysis.

## IV. CONCLUSION

In sum, Paramount has the burden of persuading the court that transfer is appropriate, not only for its convenience but in the interests of justice. In this case, FastVDO chose a legitimate forum - Paramount's state of incorporation. As is usual in these cases, the convenience factors do not weigh in favor of transfer, because discovery is a local event and trial is a limited event. Although Delaware is not the locus of any party's business activities, it is a neutral forum and no more inconvenient for Paramount than Florida, the locus of FastVDO's business activities. Given that both

6

Paramount and FastVDO have experience litigating in multiple jurisdictions, the court is not persuaded that transfer is warranted in the interests of justice.